UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>I. LEWIS LIBBY<br>    also known as "Scooter Libby,"<br>    Defendant. | )<br>)<br>)  CR. NO. 05-394 (RBW)<br>)<br>)  Case: 1:07-mc-00253<br>)  Assigned To : Walton, Reggie B.<br>)  Assign. Date : 6/7/2007<br>    Description: Miscellaneous |

**MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE AND BRIEF OF LAW PROFESSORS VIKRAM AMAR, RANDY E. BARNETT, ROBERT H. BORK, ALAN M. DERSHOWITZ, VIET D. DINH, DOUGLAS W. KMIEC, GARY S. LAWSON, EARL M. MALTZ, THOMAS W. MERRILL, ROBERT F. NAGEL, RICHARD D. PARKER, AND ROBERT J. PUSHAW AS AMICI CURIAE IN CONNECTION WITH DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

Vikram Amar
Professor of Law
University of California
Hastings College of the Law
200 McAllister Street
San Francisco, CA 94102

Randy E. Barnett
Carmack Waterhouse Professor of Legal Theory
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001

Robert H. Bork
Formerly the Alexander M. Bickel
  Professor of Public Law at Yale Law School
6520 Ridge Street
McLean, VA 22102

Alan M. Dershowitz
Felix Frankfurter Professor of Law
Harvard Law School
Hauser Hall 520
1575 Massachusetts Avenue
Cambridge, MA 02138

June 7, 2007

Christopher J. Wright (DC Bar # 367384)
Harris, Wiltshire & Grannis LLP
1200 18th St., N.W.
Washington, DC 20036
(202) 730-1325
*Counsel for Amici*

additional signatories listed on following page

Viet D. Dinh
Professor of Law
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC  20001

Douglas W. Kmiec
Professor of Constitutional Law and Caruso
 Family Chair in Constitutional Law
Pepperdine University School of Law
24255 Pacific Coast Highway
Malibu, CA  90263

Gary S. Lawson
Professor of Law
Boston University School of Law
765 Commonwealth Avenue
Boston, MA  02215

Earl M. Maltz
Distinguished Professor
Rutgers School of Law – Camden
217 North Fifth Street
Camden, NJ  08102

Thomas W. Merrill
Charles Keller Beekman Professor of Law
Columbia Law School
435 West 116th Street, Room 720
New York, NY  10027

Robert F. Nagel
Rothgerber Professor of Constitutional Law
University of Colorado Law School
430 Wolf Law Building
401 UCB
Boulder, CO  80309

Richard D. Parker
Paul W. Williams Professor
 of Criminal Justice
Harvard Law School
Hauser Hall 514
1575 Massachusetts Avenue
Cambridge, MA  02138

Robert J. Pushaw
James Wilson Professor of Law
Pepperdine University School of Law
24255 Pacific Coast Highway
Malibu, CA  90263

## MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE

1.  On June 5, 2007, the Court sentenced Mr. Libby.

2.  Mr. Libby plans to file a motion requesting that he be released on bail pending appeal pursuant to 18 U.S.C. § 3142.

3.  As explained in greater detail below, amici submit that the constitutionality of Special Counsel Fitzgerald's appointment presents a close question. Amici further submit that the views expressed in this brief will aid this Court's consideration of that issue.

4.  Accordingly, amici respectfully move the Court for permission to file this brief as amici curiae.

Respectfully submitted,

Date: June 7, 2007

_____/s/_____
Christopher J. Wright (DC Bar # 367384)
Harris, Wiltshire & Grannis LLP
1200 18th St., N.W.
Washington, DC 20036
(202) 730-1325
*Counsel for Amici*

## INTEREST OF AMICI CURIAE

Amici teach or have taught constitutional law or closely related subjects at leading American law schools (listed for identification purposes and not to connote agreement by any institution with the position taken in this amicus memorandum). Amici have widely divergent views on a variety of subjects, including some that may be at issue in this very case. Amici are united, however, in their view that the question whether the appointment of Special Counsel Patrick J. Fitzgerald comported with the United States Constitution presents at least a close question, one that could very well be decided the other way. This Court's opinion of April 27, 2006 (*United States* v. *Libby*, 429 F. Supp. 2d 27), presents one side of that debate, but amici believe there is another side and that the Court of Appeals or even the Supreme Court could well reach the opposite conclusion from this Court. *Morrison* v. *Olson*, 487 U.S. 654 (1988), on which this Court's decision relies, has been the subject of much academic criticism and some calls for overruling.* Amici stress, however, that it requires no overruling or disregard of any precedent to conclude that the constitutionality of the appointment of Special Counsel Fitzgerald presents a close question.

---

* See, *e.g.*, 1 Laurence H. Tribe, *American Constitutional Law* 684 (3d ed. 2000) ("it would not be unthinkable, in light of our troubling national experience * * * and Justice Scalia's unrebutted logic [in his *Morrison* dissent], for the Court to revisit the question"); *id.* at 690 ("considerations of *stare decisis* do not weigh heavily against overruling *Morrison*"); Akhil Reed Amar, *Intratextualism*, 112 Harv. L. Rev. 747, 802 (1999) ("the [now-lapsed independent counsel statute] is unconstitutional and the [*Morrison*] case is wrongly decided"); Steven G. Calabresi & Gary Lawson, *The Unitary Executive, Jurisdiction Stripping, and the* Hamdan *Opinions: A Textualist Response to Justice* Scalia, 107 Colum. L. Rev. 1002, 1018 (2007) ("*Edmond* effectively overruled *Morrison* sub silentio on the appropriate standard for evaluating inferior officer status, and *Edmond* was right.") (footnote omitted); Nick Bravin, Note, *Is Morrison v. Olson Still Good Law? The Court's New Appointments Clause Jurisprudence*, 98 Colum. L. Rev. 1103, 1137 n.225 (1998) ("*Morrison* might be ripe for reconsideration even under a strong application of *stare decisis* due to the severe change in factual premises in the decade since it was decided").

Amici take no position on any other issue raised in this case or on whether this Court should grant or deny bail pending appeal. The sole issue they address is whether the Appointments Clause issue is a close one.

## ARGUMENT

### THERE IS A SUBSTANTIAL, CLOSE QUESTION ABOUT THE CONSTITUTIONALITY OF THE APPOINTMENT OF A FEDERAL PROSECUTOR WHO WAS NOT APPOINTED TO THE RELEVANT POSITION BY THE PRESIDENT AND TAKES NO ORDERS FROM A DEPARTMENTAL SUPERIOR, EVEN IF THAT PROSECUTOR IS REMOVABLE AT WILL

Patrick J. Fitzgerald has been duly appointed by the President, with the advice and consent of the Senate, to serve as United States Attorney for the Northern District of Illinois. As this Court has recognized, however, that appointment was to an inferior office within the meaning of the Appointments Clause, and "he cannot be given duties that would elevate him to a 'principal officer'" without a separate presidential appointment and Senate confirmation. 429 F. Supp. 2d at 43-44 n.15; see U.S. Const. Art. II, § 2, cl. 2.

The dispositive constitutional question, then, is whether the office of Special Counsel to which Mr. Fitzgerald was appointed is that of a "principal" or "inferior" officer. Unless Special Counsel Fitzgerald is indistinguishable in all material respects from Independent Counsel Morrison, that question cannot be answered by reference to *Morrison* v. *Olson* alone. The reason is that the Supreme Court itself has clarified (in a unanimous opinion) that "*Morrison* did not purport to set forth a definitive test for whether an office is 'inferior' under the Appointments Clause." *Edmond* v. *United States*, 520 U.S. 651, 661 (1997); see also Akhil Reed Amar, *supra*, 112 Harv. L. Rev. at 811 ("*Morrison* gives us a doctrinal test good for one day only").

2

Special Counsel Fitzgerald is not indistinguishable in all material respects from Independent Counsel Morrison. To begin with, his office was not created by Congress. That is a factor of at least arguable constitutional significance. See *Weiss v. United States*, 510 U.S. 163, 187 (1994) (Souter, J., concurring) ("any decision to dispense with Presidential appointment and Senate confirmation is Congress's to make, not the President's"). Second, by statute, 28 U.S.C. § 594(f), the Independent Counsel was required in policy matters to comply to the extent possible with policies of the Department of Justice, and the Supreme Court deemed that fact to have constitutional significance in *Morrison*, 487 U.S. at 671-672. No such statute binds the Special Counsel to comply with Justice Department policies; indeed, Deputy Attorney General Comey's letter of February 6, 2004, quoted at 429 F. Supp. 2d at 29, expressly exempted the Special Counsel from complying with Justice Department policies established under 28 C.F.R. Part 600. Third, the Supreme Court deemed it significant that "an independent counsel can only act within the scope of the jurisdiction that has been granted by the Special Division [of the United States Court of Appeals for the District of Columbia Circuit] pursuant to a request by the Attorney General." 487 U.S. at 672. Special Counsel Fitzgerald, by contrast, was delegated "all the authority of the Attorney General with respect to the Department's investigation into the alleged unauthorized disclosure of a CIA employee's identity," and "direct[ed]" to act "independent of the supervision or control of any officer of the Department." 429 F. Supp. 2d at 40 (quoting December 30, 2003, letter from Comey to Fitzgerald). In a concurrent press conference, the Deputy Attorney General "seemingly indicate[d] that the Special Counsel could expand his jurisdiction." 429 F. Supp. 2d at 41 n.10. Whether or not one "construes those statements as merely providing the Special Counsel the authority to investigate and prosecute violations of law that are committed during the course of his investigation," *id.*, these are not facts identical to those of *Morrison v. Olson*. To our knowledge, the Special Counsel appears to occupy

3

virtually a "class of one" in the history of special prosecutors, insofar as his appointment did not arise (a) under the governing Department of Justice regulations (28 C.F.R. Part 600), (b) pursuant to the now-defunct Independent Counsel Act, (c) as a result of direct Presidential action, or (d), as in the Watergate investigation and Teapot Dome scandal, with guidance from or other restrictions imposed by Congress.

To decide whether Special Counsel Fitzgerald qualifies as an "inferior officer," then, one must look to precedents other than *Morrison* v. *Olson*. The Supreme Court's most recent decision construing the Appointments Clause does what *Morrison* v. *Olson* did not do – it sets forth a *generally applicable* test of inferior-officer status. "[I]nferior officers are officers whose work is directed and supervised at some level by others who were appointed by presidential nomination with the advice and consent of the Senate." *Edmond*, 520 U.S. at 663; see also *id.* at 667 (Souter, J., concurring in part and concurring in the judgment) ("It does not follow, however, that if one is subject to some supervision and control, one is an inferior officer. Having a superior is necessary for inferior officer status, but not sufficient to establish it."). Thus, only if one can conclude that Special Counsel Fitzgerald's work is directed and supervised by a presidential appointee is it even possible to conclude that he is an inferior officer. But see 429 F. Supp. 2d at 45 ("while the question of whether the Special Counsel is an inferior officer under *Edmond* is a much more difficult question because the Special Counsel's work is conducted largely without direction and supervision, the Court need [not] confront that analysis since *Morrison* remains binding authority") (footnote omitted).

It appears to be undisputed that there is no day-to-day supervision of Special Counsel Fitzgerald by anyone, and no way short of removal even to assure that he complies with the policies of the Department of Justice or the Executive Branch. The question then becomes whether the

power of removal, *by itself*, suffices to constitute the "direct[ion] and supervis[ion]" (*Edmond*, 520 U.S. at 663) necessary to make him an inferior officer. (Amici assume that Special Counsel Fitzgerald is removable at will by the Acting Attorney General, although amici understand that there is some dispute about that proposition.) That question is, at the very least, one that could well be decided the opposite way from this Court's conclusion. The question is not answered by *Morrison v. Olson*, in which the Independent Counsel was *not* removable at will (making the case for "inferior officer" status in some respects more tenuous) but the Supreme Court relied on other factors – many of which, as noted above, are absent here – to conclude that she was an inferior officer nevertheless.

As Professor Akhil Amar has explained, removability neither constitutes nor can substitute for subordination as a criterion sufficient to show inferiority for purposes of the Appointments Clause:

> Cabinet members are removable at will, but they are not constitutionally inferior, whereas lower federal court judges have life tenure, and yet their courts are constitutionally inferior. If we ponder these two data points, what concept of inferiority is at work in the Constitution? Not removability, but subordination: an inferior officer takes orders from his departmental superior.

Amar, *supra*, 112 Harv. L. Rev. at 807; see also *id.* at 810 n.241 ("A truly inferior independent calls to mind a truly square circle."). In addition to the points Professor Amar makes, a "superior's" power of removal is retrospective in nature: it can *punish* a prosecutor for a decision he *has* made, but the "superior" cannot by the act of removal *veto or prevent* that decision, in the way a true supervisor could. See Calabresi & Lawson, *supra*, 107 Colum. L. Rev. at 1022 & n.101 ("Inferior executive officers must be subject to the decisional supervision and control of principal officers and, ultimately, the President. Indeed, the President can personally veto any decision made by a subordinate executive official [or so the authors maintain]."). The power to remove, then, is not the same as or a substitute for the constitutional minimum power to supervise a subordinate's activities –

or at least the point is debatable enough to make the question a very close one. Because Special Counsel Fitzgerald was directed, in writing, to act "independent of the supervision or control of any officer of the Department," there is no supervisor to whom he is subordinate and no apparent way to bring him within the test set forth in *Edmond*.

"If an official is not appointed by the President, but rather through some other avenue available under Article II for inferior officers, then political accountability needs to be ensured in some other way." 1 Laurence H. Tribe, *supra*, at 684. With no supervisor, Special Counsel Fitzgerald is too independent to make his supposed "superiors" politically accountable for his actions, and it is at the very least a close question whether the mere power of removal does anything to solve the problem.

## CONCLUSION

The constitutional issue to be raised on appeal is substantial.

Respectfully submitted,

Date: June 7, 2007

_____/s/_____
Christopher J. Wright (DC Bar # 367384)
Harris, Wiltshire & Grannis LLP
1200 18th St., N.W.
Washington, DC 20036
(202) 730-1325
*Counsel for Amici*

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| I. LEWIS LIBBY | ) |
|     also known as "Scooter Libby," | ) |
|     Defendant. | ) |

[PROPOSED] ORDER ON MOTION FOR
LEAVE TO FILE BRIEF AS AMICI CURIAE

Upon consideration of the Motion for Leave to File Brief as Amici Curiae in connection with defendant's release pending appeal and the entire record in this case, it is hereby

**ORDERED** that the motion is granted.

**SO ORDERED.**

_____
REGGIE B. WALTON
United States District Judge